COOK v. GIBSON.—79 S. W. (2d) 290.

Eastern Section.    November 11, 1934.

Petition for Certiorari denied by Supreme Court, February 23, 1935.

Howard H. Baker and W. H. Potter, both of Huntsville, for plaintiff in error.

H. K. Pemberton, of Huntsville, and Fowler & Fowler, of Knoxville, for defendant in error.

PORTRUM, J.   This suit grew out of an automobile accident, and the only material issue presented here is the contributory negligence of the plaintiff.   The plaintiff, Ambers Gibson, recovered a judgment of $200, and the defendant, A. M. Cook, has appealed.

This court is aware, as is insisted by the defendant in error, that it is bound by the verdict of the jury if there be any evidence to support it, and this rule likewise applies to the issue of the plaintiff's contributory negligence (Continental Insurance Company v. Schulman, 140 Tenn., 481, 205 S. W., 315); and with this rule in mind we review the evidence.

The accident occurred within the environs of the town of Huntsville, Tenn., and upon a main state highway traversing the territory, which was paved with loose gravel for a width of sixteen to eighteen feet, with earth shoulders.   The defendant Cook was engaged in school repair work and was looking for a Mr. Byrd to consult with him about a business matter pertaining to his work; he had been unable to find him in Huntsville and had driven to his home, which was located opposite the county school building, and Cook parked his automobile on the right-hand side of the highway and went into Mr. Byrd's house seeking him.   Mr. Byrd was not at home, and Cook returned to his car for the purpose of turning it around and proceeding to another place.   When he entered his car he looked both ways upon the highway and saw no one approaching.   He proceeded to turn his car by backing it across the highway into the driveway leading to the school grounds, and since he was upon the right side of the road and expected to block the left side, he looked for cars approaching him upon the left side and failed to look to his rear for cars approaching from that direction.   The Cook car was visible to one approaching in the rear for a distance of sixty to seventy-five yards, for the plaintiff testifies he saw the Cook car at this distance, and that the Cook car was then backing across the road and being a car of sixteen feet in length was blocking the roadway.

At this distance the plaintiff began blowing his horn to warn Cook of his approach, and the plaintiff further testifies that as he drew near and prepared to stop his car in order to let Cook clear the way on the. plaintiff's right side of the road by backing farther across the road, Cook then stopped, and the plaintiff took this as an invitation to pass, then he threw off his brakes, put on his gas, and drove to the left side of the road and to the rear of the Cook car accelerating his speed; when the Cook car bounded back into his car, causing the front side of his car and the rear of the Cook car to collide, injuring both cars and injuring the plaintiff.

Cook admits that he did not see the plaintiff's car, and he denies that he stopped his car, and in this he is supported by other disinterested witnesses; but the jury settled this issue against him. Certain it is that he did not stop as an invitation for the plaintiff to pass, because he did not know of the plaintiff's presence, and the plaintiff only thought that Cook had stopped as an invitation for him to pass. There is but one inference, and that is that Cook stopped only momentarily, for the plaintiff designated it as a "plumb stop," and the time required as deductible from the plaintiff's proof was so short as to permit only a momentary stop. Now, was it the act of a cautious man, when finding another blocking the highway in an attempt to turn his car by backing it across the road, to accept this invitation to pass by the stopping of the car, and turn to the left of the highway and attempt to pass to the rear of the car blocking the road at an accelerated speed? Especially when the plaintiff testified that it was his purpose of stop, having his car under control, and permit the defendant to clear the plaintiff's right side of the road by backing away, when to have carried out this first purpose would have required only a matter of seconds on the part of the plaintiff?

Cook's counsel insists that the car having stopped, there was still room sufficient in front of Cook and upon the plaintiff's right side of the road for him to have passed without passing to Cook's rear, and that the plaintiff was negligent in not passing in front of Cook instead of passing to Cook's rear. Answering this proposition, counsel for the plaintiff said: "Furthermore, weighing the probability, plaintiff could the most reasonably expect the defendant would use the space on the right to complete his operation of turning his car around, because presumably defendant was not a road-hog and should be expected to leave part of the gravel surface to plaintiff. So if plaintiff went off the road to the right he might well have expected to meet the defendant shooting out into that area." We think this argument is sound, and is justified by the facts, and the plaintiff would have been negligent in attempting to pass in front of Cook, since it might have been his purpose to drive in that direction in

an attempt to turn his car. But this was no reason why the plaintiff should have followed an equally as negligent a course by passing to the rear, for as it turned out it was the defendant's purpose to make his turn by continually backing his car into the driveway. The plaintiff had a safe course to pursue, for he should have brought his car to a stop and permitted Cook to clear his way, as the plaintiff said he first intended to do and he could have done. But if the facts raise a probability, as argued by the plaintiff's counsel, that it might be the purpose of Cook to turn his car by driving forward after his stop, then a cautious man would have weighed this probability in making up his mind to accept the stopping of the Cook car as an invitation to turn and pass on the rear and on the left side of the road. If the facts raised a probability that Cook was stopping for one purpose—that is, to drive forward—then this weakens the probability that he was stopping as an invitation for the plaintiff to pass to his rear. The plaintiff was not justified in disregarding one probability and accepting the other and throwing himself into a place of danger when he could have remained in a place of safety devoid of all danger.

For sixty to seventy-five yards plaintiff saw defendant turning his car in the road. He continued to blow his horn for the defendant to clear the right of way, and his testimony displays that impatience so prevalent among all drivers and the reluctancy to yield time to another to clear the right of way. Two seconds of time would have been sufficient for the defendant to have cleared the roadway, and left it free to the plaintiff to pursue his course; the plaintiff had his car under control and should have yielded this time, but he elected to demand that the defendant stop his car in the middle of the road so that he might pass without further delay; for no other purpose would he have blown his horn so persistently. We think a prudent man would have declined this invitation to pass and have permitted Cook to remove his car out of the roadway.

We think that the defendant Cook and the plaintiff Gibson are the authors of their own injuries, and that neither has a cause of action against the other; the plaintiff was guilty of such contributory negligence under the undisputed facts as bars his right to a recovery; there was no motion for a directed verdict, so the case must be reversed and remanded for a new trial. The defendant will pay the accrued costs.